**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Steven Wayne Feldmann, | Civ. No. 20-588 (NEB/BRT) |
| Plaintiff, | |
| v. | |
| The United States Courthouse of Albert Armandariz Sr.; Dr. Daniels, Chief of Psychiatry; and Dr. Wakeman, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiff Steven Wayne Feldmann is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") awaiting proceedings under 18 U.S.C. § 4246. In this matter, Feldmann alleges—very generally—that the confinement proceedings under § 4246 are unlawful and that defendants at FMC-Rochester have "us[ed] [him] as a pin cushion" during the course of treatment. (Doc. No. 1, Compl. at 4.)

This matter is now before the Court on the application to proceed *in forma pauperis* ("IFP") of Feldmann. (*See* Doc. No. 2.) After review, this Court concludes that Feldmann qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam);

*Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Feldmann objects broadly to the legality of the proceedings against him under § 4246. The basis for those objections is not entirely clear from the Complaint; in any event, Feldmann has not offered any reason why his challenges cannot be raised in the ongoing § 4246 proceeding itself, where Feldmann is represented by counsel, *see United States v. Feldmann*, No. 19-CV-2736 (NEB/KMM) (D. Minn.), rather than in a parallel civil action. Any claims related to the legality of Feldmann's ongoing detention and the underlying § 4246 proceeding should there be dismissed without prejudice to Feldmann's right to raise his claims in the § 4246 proceeding itself.

By contrast, Feldmann cannot raise claims related to the *conditions* of his confinement in the § 4246 proceedings. Nevertheless, this Court recommends dismissal of those claims as well on two grounds. First, it is not clear *who* is being alleged to have acted in an unlawful manner. Although Feldmann names two medical professionals as Defendants to this action, he does not tie any allegation to any specific Defendant. Second, Feldmann's allegations do not, by themselves, set forth a plausible basis for relief. At bottom, Feldmann has alleged little more than that the course of treatment set out for him at FMC-Rochester has involved the use of needles. But there is no factual allegation buttressing Feldmann's assertion that this course of treatment was implemented purposefully to cause harm or discomfort to Feldmann. Without further factual allegations, Feldmann's claims cannot be found to be plausible.

Accordingly, this Court recommends that this matter be dismissed. Feldmann's motion to change venue (Doc. No. 3) should therefore be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Steven Wayne Feldmann (Doc. No. 2) be **DENIED**.

3. Feldmann's motion to change venue (Doc. No. 3) be **DENIED AS MOOT**.

Dated: March 26, 2020                *s/ Becky R. Thorson*
                                     BECKY R. THORSON
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).